IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:08cv366-TMH |
| ) | (WO) |
| TALLAPOOSA COUNTY COURT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, it is

ORDERED that the motion be and is hereby GRANTED.

In this 42 U.S.C. § 1983 action, the *pro se* plaintiff Gene Coggins ("Coggins") complains in a convoluted and conclusory fashion that the defendants have deprived him of his constitutional rights.[1] Coggins sues the Tallapoosa County Court, state court judges Ray Martin and Tom Young, District Attorney E. Paul Jones, attorney Robin Reynolds, and Tallapoosa County Clerk's Office employee Mike Crouch.[2] The court has jurisdiction of

---

[1] This is one of nearly two dozen lawsuits filed by the plaintiff in this district in just over a year. Most of the cases have been dismissed prior to service of process; none have survived beyond the motion to dismiss stage.

[2] Except for Mike Crouch, the plaintiff does not identify the defendants by their titles or roles in this litigation. Consequently, the court takes judicial notice of its own records to ascertain the identities of the litigants. Ray Martin is a state court judge in Tallapoosa County. *See Coggins v. Martin*, 3:08cv258-MFT-TFM (M.D. Ala. 2008). Tom Young is a Circuit Judge in Tallapoosa County. *See Coggins v. Young*, 3:07cv698-MEF-CSC (M.D. Ala. 2007); *Coggins v. Young*, 3:08cv255-MHT-TFM (M.D. Ala. 2008). E. Paul Jones is the District Attorney in Tallapoosa County. *See Coggins v. Jones*, 3:08cv256-MHT-SRW

these claims pursuant to 28 U.S.C. § 1331, its federal question jurisdiction.

Upon review of the complaint, as amended,[3] the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[4]

## DISCUSSION

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Coggins' pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The complaint is long on rhetoric and short on facts. Although a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v.*

---

(M.D. Ala. 2008). Robin Reynolds is a private attorney who represented several defendants in other actions prosecuted by Coggins. *See Coggins v. Kizziah, et al.*, 3:07cv597-WHA-WC (M.D. Ala. 2007); *Coggins v. Kizziah, et al.*, 3:04cv505-MEF-SRW (M.D. Ala. 2004).

[3] On May 29, 2008, the court ordered Coggins to file an amended complaint "explaining who each defendant is and setting forth the *factual* basis for his claims against them." (Doc. # 4). Coggins was also directed to "describe in simple language who did what to him as well as where, when, and why these actions give rise to his claims." (*Id.*) He was specifically advised against "clutter[ing] his amended complaint with rantings against perceived injustice against him at the hands of this Court or commentary on this Court's rulings in this or other cases." (*Id.*)

While Coggins filed an amended complaint, *see* Doc. # 6, he wholly failed to abide by the court's order. For example, Coggins asserts in his amended complaint that his original complaint "explained completely" all his claims, and that "[t]here are no change (sic) made from the original complaint to this amended complaint is found in the total judgment." (*Id.* at 3 & 5).

[4] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*Twombly*, 550 U.S. \_\_\_, 127 S. Ct. 1955, 1964 (2007), it must contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* , 550 U.S. \_\_\_, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) (quoting *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). *See generally, Powell v. Barrett,* 496 F.3d 1288, 1304 (11th Cir. 2007). The plaintiff's complaint fails to identity the defendants and does not describe or set forth the facts for his claims against each defendant.

Furthermore, once leave to proceed *in forma pauperis* is granted, section 1915(e)(2) authorizes the court to dismiss a case at any time if it determines that a complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). A district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint

3

that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990).

Coggins' complaint as amended consists of vague allegations that his constitutional rights have been violated. Although he refers to numerous cases, rules and statutes, he provides no facts in support of his claims. Thus, the complaint is patently bereft of any semblance of coherency and the exact nature of his complaints are difficult to characterize in legal terms. Therefore, the court finds the best approach is to consolidate the defendants and collectively address the claims against each group of defendants.

### A.  Claims against State Court Judges Martin and Young

Coggins sues state court judges Ray Martin and Tom Young. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judges Martin and Young are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

To the extent Coggins seeks declaratory relief from adverse decisions issued or

4

actions taken by Judges Martin and Young in state court proceedings, this court lacks jurisdiction to render such a judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Coggins from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment). Thus, Coggins' § 1983 claims against Judge Martin and Judge Young are due to be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### B. Claims against District Attorney E. Paul Jones

Coggins also sues Tallapoosa County District Attorney E. Paul Jones. As District Attorney, Jones is immune from suit for actions taken in his prosecutorial capacity. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "State prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts 'intimately associated with the judicial phase of the criminal process.'" *Mullinax v. McElhenney*, 817 F.2d 711, 714 (11th Cir. 1987). The law of this circuit is clear that state prosecutors are entitled to absolute immunity for actions taken during the development, initiation, prosecution, and presentation of a case.[5] *Id.* at 715. Coggins' § 1983 claims against Jones are due to be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### C. Tallapoosa County Court and Clerk's Office Employee

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a pro se complaint if it fails to state a claim on which relief may be granted. Sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). It follows that neither are circuit courts or clerks' offices. Consequently, the Tallapoosa County Court and Clerk's Office are not entities amenable to

---

[5] Although he was given the opportunity to amend his complaint, Coggins makes no allegation that this defendant was acting "outside the line and scope of his authority and duty as District Attorney." *See Marrero v. City of Hialeah*, 625 F.2d 499, 504 n.4 (5th Cir. 1980) ("[I]f an official is acting outside the scope of his authority, he is entitled to no immunity at all.") *See also Butz v. Economou*, 438 U.S. 478 (1978).

suit under 42 U.S.C. § 1983.

The plaintiff also appears to be alleging that Mike Crouch, an employee of the Tallapoosa County Clerk's office, somehow violated his constitutional rights. When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).[6] Additionally, when a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because he is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). ALA. CODE §§ 12-17-93 and 12-17-94 delineate the authority and duties of clerks of circuit courts. The court therefore concludes that the plaintiff's claims against the Tallapoosa County Court, the Clerk's Office and Mike Crouch, an employee of the Clerk's office, are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. Consequently, these claims are due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### D. Claims against Robin Reynolds

The sole remaining defendant in this action is Robin Reynolds, a local attorney who represented several defendants in other actions prosecuted by Coggins. Coggins has sued Reynolds under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it

---

[6] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981) (emphasis added).

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). To state a viable claim for relief under § 1983, a plaintiff must assert a "deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* at 49-50. *See also Lowe v. Aldridge,* 958 F.2d 1565, 1572 (11th Cir. 1992); *National Broadcasting Co. v. Communications Workers of America, AFL-CIO,* 860 F.2d 1022, 1026 (11th Cir. 1988); *Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987).

Reynolds, a local attorney in Tallapoosa County, represented several defendants sued by Coggins in other lawsuits. Clearly, Reynolds is a private citizen. Thus, Reynolds'

actions, standing alone, do not constitute actions committed by a person acting under color of state law for the purpose of imposing § 1983 liability against them. *Lowe,* 958 F.2d at 1572. Thus, any actions by Reynolds related to representation of defendants in lawsuits prosecuted by Coggins do not constitute actions committed by a person acting under color of state law for purposes of § 1983 liability. Coggins' claims against Reynolds are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. Consequently, these claims are due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons as stated, the Court concludes that this case should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). Accordingly, it is ORDERED and ADJUDGED that this case be and is hereby DISMISSED prior to service of process, all claims against the defendants be and are hereby DISMISSED, and that this case be and is hereby DISMISSED. A separate final judgment will be entered consistent with this Memorandum Opinion and Order.

Done this 25th day of June 2008.

                          /s/ Truman M. Hobbs
                          SENIOR UNITED STATES DISTRICT JUDGE